UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES F. BARRETT,

                              Plaintiff,

      v.                                                       **DECISION AND ORDER**
                                                                             10-CV-618S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

       1.       On March 14, 2012 this Court remanded this case to the Commissioner of Social Security for reconsideration of Plaintiff James Barrett's claim in light of the issues highlighted by this Court. Specifically, it remanded the case on two grounds, instructing the Commissioner to consider the Veteran's Administration's decision to award him disability benefits and to address whether Plaintiff had accumulated sufficient experience as a construction project manager.

       2.       In accordance with that Order, on July 12, 2012 the Appeals Council vacated its previous decision and remanded the claim for further proceedings, including a new hearing. On June 12, 2013, Administrative Law Judge Mark Solomon heard the case and on August 2, 2013 he issued a favorable decision for Plaintiff, finding him disabled beginning on November 12, 2002. Plaintiff was awarded $204,820.37 of Title II past-due benefits on December 18, 2013.

       Plaintiff's counsel now seeks attorney fees in the amount of $51,203.45, or roughly 25% of the total award, which is the amount set out in the attorney-client petition

agreement.[1] Barrett has submitted an affidavit expressing his consent to such an award.

3. Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), provides that whenever a court renders a judgment favorable to a claimant who was represented before it, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

4. That Section of the Act, as interpreted by the Supreme Court, calls for a court to review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). Courts should not apply the lodestar method to calculate fees under Section 406(b); rather, they should look first to the contingent-fee arraignment, then test it for reasonableness "based on the character of the representation and the results the representative achieved." Id. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order." Id.

5. Such an adjustment is "in order" here. Plaintiff's attorney spent 40.3 hours on service rendered before this Court. Mr. Bernhardi's firm ultimately achieved a fully favorable result for his client, but this Court only remanded the action for further consideration – it did not order the Commissioner to award benefits. Of course, this Court is cognizant that "the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations," and that "payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award

---

[1] The parties also stipulated to, and this Court approved, an Equal Access to Justice Act (EAJA) award of $5,900.00. (Docket No. 23.) Plaintiff 's counsel acknowledges that "[w]hen there is an award of attorney fees under both 42 U.S.C. § 406(b) and the EAJA, a plaintiff's attorney must refund to the claimant the amount of the smaller fee." (Pl.'s Br. at 5; Docket No. 24-1.)

must take account of that risk," see Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990), but this Court must remain mindful of the Supreme Court's instruction to adjust the award if the benefits are large in comparison to the time spent on the case. A sampling of recent cases in this circuit reveals that such a disparity exists here. See, e.g., Torres v. Colvin, No. 11 CIV. 5309 JGK, 2014 WL 909765 (S.D.N.Y. Mar. 6, 2014) ($13,700.00 for 13.7 hours); Pavia v. Comm'r of Soc. Sec., No. 5:10-CV-0818 GTS/DEP, 2013 WL 5652497 (N.D.N.Y. Oct. 15, 2013) ($8,136.74 for roughly 40 hours); Gaudino v. Colvin, No. 10-CV-6656 CJS, 2013 WL 4647641 (W.D.N.Y. Aug. 29, 2013) ($15,031.00 for 27.45 hours); Devaux v. Astrue, 932 F. Supp. 2d 349 (E.D.N.Y. 2013) ($7,919.50 for approximately 20.5 hours); Fisk v. Astrue, No 3:09-CV-00218 LEK, 2012 WL 5520672 (N.D.N.Y. Nov. 14, 2012) ($11,048.50 for 51.8 hours); Cornell v. Astrue, No 6:08-CV-1021 LEK, 2012 WL 4854435 (N.D.N.Y. Oct. 11, 2012) ($4,161.86 for 23.6 hours).

6.  Accordingly, while also taking into account factors that would support a higher award, such as time spent at the administrative level and the attorney's high degree of experience in these matters, along with his longstanding dedication to this eight-year-old case, this Court nonetheless concludes it must reduce the total requested award by 25 percent to $38,402.58.

****

IT HEREBY IS ORDERED, that the application for attorney fees (Docket No. 24) is GRANTED in part and DENIED in part. Plaintiff is entitled to attorney fees in the amount of $38,402.58.

FURTHER, that Counsel is directed to refund the Equal Access to Justice Act award to Barrett.

SO ORDERED.

Dated: April 18, 2014
       Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                                    Chief Judge
                                          United States District Court